UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD EDWARD DOUGHERTY,

Petitioner,

v.

WARDEN ROBERT BROWN,

Respondent.

No. 1:26-cv-09048-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION

(Doc. 1)

**14-Day Objection Period**

Clerk of the Court to Assign District Judge

Petitioner Richard Edward Dougherty ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant habeas petition on November 2, 2026, while in custody of the Bureau of Prisons ("BOP") at the United States Penitentiary Atwater ("USP Atwater"), claiming his due process rights were violated. (Doc. 1).

The petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases[1] ("Habeas Rules").

**Preliminary Screening**

Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1.

petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The Advisory Committee Notes to Rule 8 provide that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Relevant Background**

According to the allegations of his petition, Petitioner is serving a sentence imposed in December 2017 in the U.S. District Court for the Southern District of Ohio (Doc. 1. At 1). Although the Court has no information before it about the nature of the charges that resulted in Petitioner's conviction and sentencing, it is clear from the petition that he does not challenge in this habeas proceeding any aspect of his underlying conviction and sentence. Rather, Petitioner alleges he was illegally held in USP Atwater's special housing unit ("SHU") for 307 days on a "falsified pending AUSA prosecution status" by Respondent Warden Robert Brown. (Doc. 1 at 2). Petitioner asserts he is challenging the status of the prosecution and raises two claims for relief: (1) a Fourth Amendment due process violation for "wrongful detainment" and (2) an Eighth Amendment violation for deliberate indifference. *Id.* at 6. Petitioner seeks as relief immediate release, "only [one] year of federal probation time (not [five] years)[,]" for Respondent to be fired and charged in federal court, a Federal Tort Claims Act ("FTCA") filed on his behalf, and damages. *Id.* at 7.

In his petition, Petitioner references a separate habeas proceeding he commenced in the U.S. District Court for the Middle District of Florida and identifies the case number (5:26-cv-308-MSS-PRL). The docket for that separate habeas proceeding reflects that the district court dismissed the petition without prejudice for Petitioner's failure to file an application to proceed *in forma pauperis* or otherwise to pay the filing fee.

**Discussion**

"As a general rule, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by

which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011). In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under § 2241, a petitioner in federal custody must show that his sentence is being executed in an unlawful manner. *See, e.g.*, *Brown*, 610 F.2d at 677 (challenging inaccurate pre-sentence report used to deny parole); *Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1995) (petition asserting time spent in state custody should be credited toward federal sentence).

Federal courts may entertain only habeas claims that come within the core of federal habeas jurisdiction, meaning claims challenging "the fact or duration of his confinement" and "seeks either immediate release from that confinement or shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973); *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018). Challenges to prison disciplinary findings support federal habeas jurisdiction only if the disciplinary action resulted in a credit loss that directly and necessarily affects the duration of confinement. *Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th Cir. July 26, 2016) (*en banc*); see *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is proper where a challenge to the prison conditions would, if successful, necessarily accelerate the prisoner's release."). The Ninth Circuit has adopted the rule that a "prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under 42 U.S.C § 1983." *Nettles,* 830 F.3d at 934 (quoting *Preiser*, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

As summarized above, Petitioner raises claims related to his placement in USP Atwater's SHU for approximately 307 days based on what he characterizes as a "falsified" presumably

ongoing prosecution. (Doc. 1 at 2, 6). Petitioner alleges that he expects the "illegal/wrongful detainment" will last "until my release date of 1-12-27." *Id.* at 2. However, Petitioner makes no allegations that his alleged improper placement in restrictive housing affects his release date. In other words, there is no allegation that Petitioner could be entitled to relief in the form of immediate or accelerated release in the event his placement in USP Atwater's SHU is deemed improper.

In short, because success on Petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," and his petition does not allege that the disciplinary action resulted in a credit loss that directly and necessarily affects the duration of his confinement, his claim does not fall within "the core of habeas corpus" and his claims are not cognizable in habeas. *See supra*. Instead, he must present claims of the type he alleges under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 935.

Where a habeas petitioner improperly asserts § 1983 claims in a petitioner that is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). There are distinct differences between habeas corpus petitions and prisoner civil rights actions, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings. *Id.* at 936 (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011)); *Glaus*, 408 F.3d at 388.

In this case, the Court concludes the proper course of action is to dismiss this action as opposed to conversion to a complaint under 42 U.S.C. § 1983. The petition at issue lists Warden Robert Brown as Respondent without meaningfully alleging any wrongful action or inaction taken by him. Thus, it is likely in any § 1983 action, Petitioner would need to revise his allegations and/or name different or additional parties. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

///

**<u>Conclusion, Order, and Recommendation</u>**

The Clerk of the Court is DIRECTED to randomly assign a U.S. District Judge to this action.

For the reasons set forth herein, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed with for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 4, 2026**

UNITED STATES MAGISTRATE JUDGE